UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| TERRIBIA MISTERS<br>    Plaintiff,<br><br>    v.<br><br>ILLINOIS DEPARTMENT OF<br>CHILDREN AND FAMILY SERVICES<br>    Defendant. | Case No.  14-1465 |

# O R D E R  &  O P I N I O N

This matter is before the Court on Plaintiff's Motion for Leave to Proceed in Forma Pauperis. (Doc. 2). As explained below, Plaintiff's Complaint fails to state a claim on which relief may be granted. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiff's motion is denied and his Complaint is dismissed.

### FACTUAL BACKGROUND

Plaintiff Terribia Misters filed a pro se Complaint against the Illinois Department of Children and Family Services (DCFS) pursuant to 42 U.S.C. § 1983 on December 8, 2014. In his Complaint, Plaintiff makes allegations concerning actions DCFS took against him in 2004. He alleges that DCFS "indicated" him for "sexual penetratial [sic], sexual molestation and substantial rick [sic] of sexual abuse" on July 29, 2004. (Doc. 1 at 5) This means that DCFS investigated a complaint that he had abused or neglected his child, found that it was based upon credible evidence, and entered that information into a central registry of reports of abuse or neglect that it keeps. *See* 325 Ill. Comp. Stat. 5/3, 5/7.12, 5/7.14. He also

alleges that beginning June 16, 2006, he was "only to have supervised visits with my son and . . . no contact with his mother." This was "a permanent injunction," as DCFS "said [he] was an unfit father." (Doc. 1 at 5).

Plaintiff alleges that he was indicated on the basis of a police report, which "was hidden for ten years." (*Id.*). On October 22, 2014, Plaintiff's record was expunged from DCFS's registry. Plaintiff alleges that an Administrative Law Judge from the agency concluded that "the Department ha[d] not carried it's [sic] burden of proof by a preronderance [sic] of the evidence of either the abuse or neglect allegation, as required by ANCRA."[1] (*Id.*). The ALJ recommended that the Agency's director "GRANT appellant's request the indicated report be expunged from the state central register." (*Id.* at 6).

Plaintiff alleges that he was harmed because "DCFS took [his] son for 10 years without investigating the situation like the detectives back in 2004." (*Id.* at 5). Plaintiff's Complaint abruptly ends after describing the ALJ's decision, without requesting any form of relief.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets . . ." The same section instructs that courts "shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

---

[1] ANCRA is the Illinois Abused and Neglected Child Reporting Act, 325 Ill. Comp. Stat. 5/1, *et. seq.*

Dismissals pursuant to § 1915(e)(2)(B)(ii) are treated in the same manner as dismissals under Federal Rule of Civil Procedure 12(b)(6). *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Therefore, the court must take "all well-pleaded allegations of the complaint as true and view[] them in the light most favorable to the plaintiff." *Id.* Pro se complaints are to be liberally construed and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007)(per curiam).

Plaintiff's Complaint fails to state a claim under § 1983. In order to state a claim under § 1983, a plaintiff must allege that a person, acting under color of law, deprived them of a federally protected right. *See* 42 U.S.C. § 1983. In this case, the only defendant is DCFS. Yet, "it is well established that neither a state nor a state agency is a 'person' for purposes of § 1983." *Ryan v. Illinois Dep't of Children and Family Servs.*, 185 F.3d 751, 758 (7th Cir. 1999); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989). Moreover, the Eleventh Amendment bars suits by private citizens brought against state agencies absent the state's waiver of immunity or Congress's abrogation of Eleventh Amendment immunity. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55-56 (1996). There is no indication here that DCFS has consented to suit, and Congress did not abrogate states' sovereign immunity when it passed § 1983. *See Quern v. Jordan*, 440 U.S. 332, 338-39 (1979). Because of this failure, Plaintiff's Complaint against DCFS cannot proceed.

Even if Plaintiff had named a proper defendant or defendants, his complaint would still suffer from flaws requiring dismissal.

First, Plaintiff has not requested any kind of relief, as required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a)(3) (requiring that a pleading contain "a demand for the relief sought.").

Second, in his Complaint, Plaintiff does not specifically identify any violation of his federal rights, and fails to identify a causal connection between DCFS's alleged procedural shortcomings and his injury. Reading the Complaint liberally, it appears that Plaintiff is alleging that DCFS violated his due process rights. To state such a claim in this context, Plaintiff must allege both that he had a constitutionally protected liberty interest and that a state actor "caused a deprivation of that liberty interest without due process of law." *See Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 606, 616 (7th Cir. 2002).

Construed broadly, Plaintiff alleges that he has a liberty interest in seeing his son without supervision, and he alleges that the DCFS's investigation was procedurally inadequate.

Under the Illinois Abused and Neglected Child Reporting Act, DCFS investigates initial reports of suspected abuse or neglect. Following its investigation, a report is "indicated" if "an investigation determines that credible evidence of the alleged abuse or neglect exists." *Id.* at 5/3. It is "unfounded" if the investigation reveals that "no credible evidence of abuse or neglect exists." *Id.* DCFS records its final determinations of reports – whether "indicated" or "unfounded" – in a central register. *Id.* at 5/7.12. Indicated records ordinarily remain in the register for a number of years, depending upon the nature of the report. *Id.* at 5/7.14. A

process exists for individuals identified in indicated reports to expunge the record from the central register. *Id.* at 5/7.16.

Without more pleaded facts, the Court cannot discern a causal connection between DCFS's conclusion that credible evidence of abuse or neglect existed and the imposition of custody restrictions. The Abused and Neglected Child Reporting Act does not permit DCSF to change a parent's custody rights without either the parent's consent or a court order. *See id.* at 5/8.2. Therefore, there must have been some intervening step: either Plaintiff entered into a "service plan" with DCSF or a state court imposed the restrictions about which Plaintiff complains. *See id.* Because there are no such allegations in the Complaint, the Complaint does not sufficiently allege that a state actor caused Plaintiff's deprivation of liberty. *See Doyle*, 305 F.3d at 616.

Plaintiff is hereby given leave to file an amended complaint within twenty-one days that complies with the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure, as is his right. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013). This pleading, however, should not state any claims against DCSF. Furthermore, if Plaintiff is seeking money damages pursuant to § 1983, the Complaint should not state any claims against any individual employed by DCSF in his or her official capacity. *See Will*, 491 U.S. at 64.

## Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 2) is DENIED. On merit review pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff's claim against Defendant Illinois Department of Children and

Family Services is DISMISSED. Plaintiff MAY file an Amended Complaint within twenty-one days that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure. If he fails to do so, the case will be dismissed in its entirety.

Entered this 9th day of December, 2014.

s/Joe B. McDade  
JOE BILLY McDADE  
United States Senior District Judge