UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| TERRIBIA MISTERS <br>     Plaintiff, <br><br> v. <br><br><br> TINA SHEPKE <br>     Defendant. | Case No. 14-1465 |

## O R D E R  &  O P I N I O N

This matter is before the Court on Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 5) and Plaintiff's Motion to Request Counsel. (Doc. 6). As explained below, Plaintiff's Amended Complaint fails to state a claim on which relief may be granted. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiff's Amended Complaint is dismissed, and both motions are denied.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Terribia Misters filed a pro se Complaint against the Illinois Department of Children and Family Services (DCFS) pursuant to 42 U.S.C. § 1983 on December 8, 2014. (Doc. 1). On December 9, 2014, the Court dismissed the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff failed to comply with Federal Rules of Civil Procedure 8 and 10, and failed to state a claim on which relief can be granted. (*See* Doc. 3). In its Order, the Court informed Plaintiff that he could not sue the DCFS, and could not sue DCFS employees in their official capacity for money damages. (Doc. 3 at 5). The Court informed Plaintiff that he needed to request some sort of relief, which he had failed to do in the Complaint. (*Id.*). It also

informed Plaintiff that if he sought money damages, he would need to sue any employee of DCFS in her individual capacity. (*Id.*). Finally, the Court explained that it could not discern a causal connection between the quality of DCFS's investigation and the fact that Plaintiff lost custody of his son. (*Id.*). It instructed Plaintiff that to state a claim under § 1983, he must allege that a person, acting under color of state law, deprived him of a federally protected right. (*Id.* at 3). The Court granted Plaintiff leave to correct these errors and file an amended complaint. (*Id.* at 5).

Plaintiff filed this Amended Complaint on December 22, 2014. (Doc. 4). Rather than suing DCFS, Plaintiff has named Tina Shepke, a DCFS caseworker, as a Defendant. (Doc. 4 at 1). He has also requested relief: $4 million in damages for emotional harm, pain and suffering, loss of income, and loss of enjoyment of life. (*Id.* at 7).

Plaintiff's Amended Complaint is very vague. In it, he alleges that DCFS fabricated "false charges without evidence" in 2005. (*Id.* at 6). He does not explain what the false charges were, but suggests that DCFS failed to properly investigate an incident. (*Id.*). He alleges that DCFS did "not conduct their investigation the same as the police," and did not "investigate many different people where the incident occurred." (*Id.*). As a result of this, he alleges that his "son was abducted." (*Id.*). Plaintiff's sole allegation against Shepke is that she told Plaintiff that DCFS's "investigation is different." (*Id.*).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets . . ." The same section instructs that courts "shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

Dismissals pursuant to § 1915(e)(2)(B)(ii) are treated in the same manner as dismissals under Federal Rule of Civil Procedure 12(b)(6). *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Therefore, the court must take "all well-pleaded allegations of the complaint as true and view[] them in the light most favorable to the plaintiff." *Id.* A plaintiff's complaint must contain sufficient detail to give notice of the claim, and the allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard requires enough facts "to present a story that holds together," but does not require a determination of probability. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Pro se complaints are to be liberally construed and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007)(per curiam).

## DISCUSSION

Plaintiff's Amended Complaint fails to state a claim under § 1983. In order to state a claim under § 1983, a plaintiff must allege that a person, acting under color of law, deprived him of a federally protected right. *See* 42 U.S.C. § 1983. In this case, Plaintiff has named Tina Shepke as a Defendant. However, he has not alleged any facts that suggest she violated his federally protected right. The only fact with respect to Tina Shepke that Plaintiff has alleged is that she told him that DCFS investigates matters differently than the police do. (*See* Doc. 4 at 6).

Such a factual allegation does not begin to explain how Shepke might have deprived Plaintiff of a federally protected right. As the Court explained in its Order dismissing Plaintiff's first Complaint, it appears that Plaintiff is alleging that his due process rights were violated when his child was removed from his custody. (Doc. 3 at 4). To state such a claim in this context, Plaintiff must allege both that he had a constitutionally protected liberty interest and that a state actor "caused a deprivation of that liberty interest without due process of law." *See Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 606, 616 (7th Cir. 2002). However, Plaintiff has not made any allegations with respect to Shepke's role in the alleged investigation or in the alleged "abduction." He has not alleged that she was involved in any investigation, and he has not alleged that she made any decisions that limited his parental rights. *See id.*

As the Court observed in its order dismissing the first Complaint, it could not discern a causal connection between DCFS's investigation and the imposition of custody restrictions on Plaintiff. In his Amended Complaint, Plaintiff has not pled

4

any additional facts regarding the process through which his parental rights were affected. He merely says that his son was abducted. Therefore, the Court still cannot discern a causal connection between DCFS's investigation and the manner in which he lost custody rights. Because there are no such allegations in the Amended Complaint, let alone allegations that relate to Tina Shepke, the Amended Complaint does not sufficiently allege that a state actor caused Plaintiff's deprivation of liberty. *See id.*

The Court already provided Plaintiff with an opportunity to file an Amended Complaint, as is his right. (*See* Doc. 3 at 5, citing *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013)). Although the Amended Complaint addressed some of the flaws that the Court identified in the original Complaint, it still altogether fails to explain how Plaintiff's federal rights were violated by a state actor. Plaintiff has made vague allegations that relate to an "incident" and an "investigation," but has not pled any sort of details that "present a story that holds together." *Swanson,* 614 F.3d at 404. Therefore, the Court must dismiss the Amended Complaint.

## Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 5) is DENIED. On merit review pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff's claim against Defendant Tina Shepke is DISMISSED WITH PREJUDICE. Plaintiff's Motion to Request Counsel is therefore DENIED as MOOT. (Doc. 6). CASE TERMINATED.

Entered this 28th day of January, 2015.

                                                                           s/Joe B. McDade
                                                                          JOE BILLY McDADE
                                                  United States Senior District Judge